IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,692-01






EX PARTE TERRY LYNN MCDADE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A-32,582 IN THE 70TH DISTRICT COURT


FROM ECTOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to twelve years' imprisonment. The Eleventh Court of Appeals affirmed his
conviction. McDade v. State, No. 11-06-00183-CR (Tex. App.-Eastland, April 3, 2008, no pet.).

 Applicant contends that trial counsel rendered ineffective assistance because she did not: (1)
investigate Applicant's case; (2) properly object to the admission of extraneous offenses during the
guilt stage; (3) request an instruction on extraneous offenses during the punishment stage; (4) object
to the jury charge on guilt and request an instruction on the definition of a deadly weapon; and (5)
investigate and introduce evidence showing that before the offense the complainant had stabbed
Applicant twice and had shot him once. Applicant also contends that appellate counsel rendered
ineffective assistance because she: (1) did not provide the court of appeals with legal citations in
support of her argument; (2) argued that there was insufficient evidence of serious bodily injury
when Applicant was charged with causing bodily injury, not serious bodily injury; (3) did not
properly raise sufficiency of evidence; and (4) did not argue that the State had engaged in
prosecutorial misconduct. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
and appellate counsel was deficient and, if so, whether Applicant was prejudiced. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. A copy of the jury charge on guilt
shall also be returned to this Court with the trial court's supplemental findings of fact and
conclusions of law. Any extensions of time shall be obtained from this Court. 


Filed: December 17, 2008

Do not publish